UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BAKER MANUFACTURING COMPANY, INC.<br>　　　　　Plaintiff,<br>VERSUS<br><br>NEXT TECHNOLOGIES INC.;<br>　　　　　Defendant | NO. 1:15 – CV - 01630<br><br>JUDGE: _____<br><br>MAGISTRATE<br>JUDGE: _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff BAKER MANUFACTURING COMPANY, INC. ("Baker" or "Plaintiff") for its Complaint against defendant NEXT TECHNOLOGIES INC. ("NTI" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. In this action, Baker seeks immediate injunctive relief, permanent injunctive relief, and monetary relief for acts of trademark infringement and unfair competition pursuant to the Lanham Act, Title 15, United States Code, and Louisiana Unfair Trade Practice law, including La. Rev. Stat. §§ 51:222 and 51:1405(A).

## PARTIES

2. BAKER MANUFACTURING COMPANY, INC., is a Louisiana business corporation with its principal place of business located at 75 Wadley Street, Pineville, Louisiana 71360.

3. Defendant NEXT TECHNOLOGIES INC. is a Texas business corporation with its principal place of business located at 2530 Shell Road, Georgetown, Texas 78628-9235 and

may be served through its publicly identified agent for service of process National Registered Agents, Inc., at 1999 Bryan Street., Suite. 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

5.     Baker is doing business in commerce in the state of Louisiana and throughout the United States under the federally registered trademark "NEXT" used to identify a line of office furniture products which include electrically height adjustable desks and tables.

6.     This Court has jurisdiction of the subject matter of this action which raises questions of federal law pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§1331 and 1338, and 28 U.S.C. § 1367.  State law claims and causes of action are within the jurisdiction of this court pursuant to the supplemental jurisdiction provisions of 28 U.S.C. § 1367.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

8.     *In personam* jurisdiction over the defendant in this forum is appropriate because defendant engages in interstate commerce through its interactive presence on the internet offering for sale and selling products in all states of the United States, including the forum state, and said products bear a designation which is confusingly similar to Baker's federally registered trademark "NEXT."

## FACTS COMMON TO ALL COUNTS

### Baker's NEXT Mark and Associated Products

9.     Baker is the owner of the trademark for NEXT which is registered with the United States Patent and Trademark Office (hereinafter, the "NEXT mark") as U.S. Trademark Registration No. 3,534,505.  A true and correct copy of the registration certificate for the NEXT mark is attached hereto as **Exhibit A**.

10. Baker manufactures markets and sells an extensive range of contemporary style office furnishings with horizontal work surfaces and an adjustable elevation feature. These products are sold and distributed in the United States and Canada through a variety of channels. Several products within Baker's line of office work station furniture feature "extended range sit-to-stand height adjustability." **In 1990**, Baker began engineering height-adjustable tables and desks and quickly became a leading voice in the advancement of workplace ergonomics.

11. One particular product manufactured and sold by Baker is its "NEXT" line of work tables which feature two or more vertical supports which are extendable to vary the height of the horizontal work surface over a wide range to specifically allow "sit to stand" variations in the posture of an individual working there.

12. Baker's height adjustable work table offerings identified with the NEXT mark include an optional electric motor actuated height adjustment feature. The products identified by the NEXT mark have a modern, contemporary style with simple, uncluttered lines and all of its visible elements are functional, but elegant. All of the NEXT mark identified products comprise at minimum a horizontal work surface, with one or more vertical support means which are variable in length to adjust the height of said horizontal work surface. See **EXHIBIT B**.

13. Baker's NEXT line of height-adjustable tables was first introduced at NeoCon, in 2007 and was awarded a Best of NeoCon Gold Award for its innovative design and introduction of the independent table leg height adjustable mechanism to the market. NeoCon is the largest commercial interiors show in North America, taking place at The Merchandise Mart in Chicago since 1969, and it remains the premier event for showcasing a variety of office interior products for corporate, hospitality, healthcare, retail, government, institutional and residential interiors, with 50,000 design professionals and more than 700 leading companies in attendance.

14. Baker's height adjustable product lines are designed to work in virtually any type of office layout, from private offices to systems environments, to open plans. Recognizing the importance of sustainability, Baker strives to have its entire product line including its NEXT mark identified products comply with sustainability standards of the furniture manufacturing industry, and product standards that support safe, healthy and sustainable environments.

15. Baker's PDQ or Premium Delivered Quickly program features the NEXT products as one of two leading adjustable height table lines in a variety of sizes and finishes with essential accessories that ship within 5 business days from receipt of order. NEXT is a key component in Baker's ongoing efforts to reach new and broader markets for its most popular products.

15. Baker affixes its registered NEXT mark to its internet website at **http://www.jrbstudio.com/products/next** as well as on its advertising materials and packaging materials in which its tables are shipped throughout the United States. Baker exhibits and demonstrates its NEXT mark identified tables at trade shows and conventions across the United States to make distributors and consumers of modern, ergonomic, productivity enhancing work stations aware of its NEXT product.

16. Baker has thus expended a significant amount of time, money and effort to develop a market presence, including widely and prominently advertising and using the NEXT mark in all manner of commercial traffic. Thus, Baker has established significant recognition and substantial goodwill in the NEXT mark.

17. Baker's NEXT mark constitutes the lawful, valued, subsisting, and exclusive property of Baker. As a result of the high quality of Baker's products and the extensive sales, promotion, and advertising thereof, Baker's NEXT mark has become an intrinsic and essential

part of the valuable goodwill and property of Baker, and is recognized by the trade and consumers as a symbol both identifying and distinguishing Baker's products and signifying products of high quality.

18. Baker's U.S. Trademark Registration No. 3,534,505 is incontestable under Section 15 of the Trademark Act of 1946, as amended, 15 U.S.C. § 1065, and thus under Section 33(b) of the Act, 15 U.S.C. § 1115(b), is conclusive evidence of the validity of the registered mark and of Baker's exclusive right to use the NEXT mark in commerce.

19. Baker's U.S. Trademark Registration No. 3,534,505 is entitled to the statutory benefits conferred by Sections 7(b) and 22 of the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1057(b) and 1022, and thus is prima facie evidence of the validity of the registered mark and of Baker's exclusive right to its use in commerce.

### NTI's use of "NEXTDESK" to Identify Similar Products

20. Next Technologies, Inc. was formed as a Texas business corporation on February 14, 2012. The internet domain name "NEXTDESKS.COM" was first created by registration with ICANN through its accredited registrar GoDaddy.com, LLC. ICANN is the Internet Corporation for Assigned Names and Numbers, a nonprofit organization, the bylaws of which provide that ICANN is responsible "to coordinate, at the overall level, the global Internet's systems of unique identifiers, and in particular to ensure the stable and secure operation of the Internet's unique identifier systems." GoDaddy.com, LLC ("Go Daddy") is one of many commercial service providers that function as internet domain registrars under accreditation of ICANN.

21. Go Daddy's registration records show the domain name NEXTDESKS.COM was registered by an individual named Brian Lewis, and associates him with the organization

"NEXTDESK." Go Daddy's registration records further show the administrator responsible for the website with the domain name NEXTDESKS.COM is an individual named Jamie Fertsch. Texas's business entity database shows Jamie Fertsch as a Director and President of Next Technologies, Inc., with a municipal address of 2530 Shell Road, Georgetown, Texas, the same address that Go Daddy shows for the organization "NEXTDESK."

22. On information and belief, there is no business entity with the legal name "Next Desk" or "Nextdesk" registered with the state of Texas, and that Nextdesk and variations on the words "NEXT" and "DESK" used in association with products sold via the internet on the website with the domain name NEXTDESKS.COM (the "NTI Website").

23. According to information on the NTI website, defendant NTI manufactures adjustable height desks under the infringing names NextDesk Terra, NextDesk Terra Pro, NextDesk Air, NextDesk Air Pro, NextDesk L Series, NextDesk U Series, NextDesk Solo, NextDesk Solo Plus, NextDesk Up, NextDesk Fit, NextDesk Custom, and NextDesk Conference.

24. NTI offers its products for sale at retail on the NTI website. The NTI website identifies the foregoing product offerings with a representative picture of the each product above its respective product name or identifier at **http://www.nextdesks.com/models**. All of the products shown there comprise at minimum a horizontal work surface and one or more vertical support means which are variable in length to adjust the height of said horizontal work surface. See **EXHIBIT C**. Comparing the form and function of the products offered for sale and sold by NTI to Baker's NEXT products clearly demonstrates that a purchaser of office furniture would be readily confused by the similarity of marks and the products associated therewith.



NextDesk Terra



NEXT®

25.     The NTI website claims that "Since the day we opened our doors, NextDesk began laying the foundation that would change the desk industry — an industry that hadn't changed much in about 500 years."  NTI claims "Each NextDesk is made with sustainable, environmentally-friendly materials like natural bamboo and recycled aluminum."

26.     In an Austin, Texas business journal interview dated November 2013, one of the founders of "NextDesk," identified as Dan Lee, stated that "NextDesk's goals for 2014 and beyond include moving the company into office and higher-education classroom design."  In the same interview, Mr. Lee claimed that the rapid growth of "NextDesk" was a surprise and meeting initial demand was difficult.

**Baker's Notice to NTI of Its Improper use of "NextDesk"**

27.     On March 13, 2015, Baker, through its counsel, sent a letter (the "First Notice") to NextDesk at 2530 Shell Road, Georgetown, Texas 78628 in which it placed NTI on notice that the use of "NextDesk" in association with an adjustable height workstation or desk was either a direct infringement or confusingly similar to Baker's NEXT office furniture products.  See **EXHIBIT D**.  In the First Notice, Baker demanded NTI (then identified by its apparent pseudonym NextDesk) cease and desist from using any variation of NEXT or NEXTDESK in

conjunction with NTI's products.  Delivery confirmation shows the First Notice was delivered March 16, 2015.

28. On March 18, 2015, Baker's counsel received a short reply from counsel stating that her "law firm represents NextDesk" and advising that the allegations of infringement were being reviewed and investigated and that she expected to respond accordingly.  On March 27, 2015 a substantive response was indeed provided, and NTI declined to cease its use of NEXTDESK, advising however that NEXTDESK was "open to a discussion of an agreement."

29. Baker replied on April 3, 2015 (the "Second Notice") rejecting the idea of "a discussion of an agreement" and reiterating its earlier instruction to "cease and desist immediately and permanently any further use of NEXTDESK (or variations thereof) and any other trademarks, trade names, or domain names that are confusingly similar to Baker's NEXT mark in any manner whatsoever . . .". The Second Notice further requested "written confirmation that NextDesk will comply with our demands within ten (10) days of your receipt of this letter." See **EXHIBIT E**.  No such written confirmation of compliance with the April 3 demands was received.

## COUNT ONE
### Federal Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114

30. Plaintiff hereby incorporates by reference the allegations set forth in the preceding paragraphs as if they were fully rewritten herein.

31. Use of the purported trademark "NextDesk" is in violation of Baker's rights and its registered marks pursuant to 15 U.S.C. § 1114.

32. Defendant's use of the name and mark "NextDesk" is likely to cause confusion, mistake, or deception as to the source, manufacturer, quality, or approval of defendant's services in violation of Baker's rights and its registered names pursuant to 15 U.S.C. § 1114.

33. The acts and activities of defendant complained of herein deprive Baker of control over its reputation and goodwill, which constitutes irreparable injury.

34. Baker has no adequate remedy at law.

35. Baker has given notice to defendant of its objection to the acts and activities complained of herein, and defendant has refused to cease and desist from such conduct. See **EXHIBITS D, E**. At least since its receipt of Baker's First Notice, defendant's acts of trademark infringement have been and continue to be deliberate, willful and/or reckless, making this an exceptional case within the meaning of 15 U.S.C. § 1117, and entitling Baker to defendant's profits, any actual damages, treble damages, costs, and reasonable attorney's fees.

36. The continued acts and activities of defendant complained of herein constitute willful acts of infringement in derogation of Baker's rights in its federally registered trademarks.

## COUNT TWO
### Federal Unfair Competition under 15 U.S.C. § 1125(a)

37. Plaintiff hereby incorporates by reference the allegations set forth in the preceding paragraphs as if they were fully rewritten herein.

38. The acts and activities of defendant complained of herein constitute false and misleading designation of origin and false and misleading representations contrary to the provisions of 15 U.S.C. § 1125(a).

39. Use of the trademark "NextDesk" or variations thereof is likely to cause and has already caused confusion or mistake as to the source or sponsorship of defendant's business and products, and as to its affiliation with Baker and its products.

40. Baker has no adequate remedy at law.

41. The acts and activities of defendant complained of herein deprive Baker of control over its reputation and goodwill, which constitutes irreparable injury.

42. The acts and activities of defendant complained of herein were and are undertaken willfully, with knowledge of Baker's prior rights, and in bad faith, entitling Baker to defendant's profits, any actual damages, treble damages, costs, and reasonable attorney's fees.

43. Baker has been damaged by the foregoing acts of Defendant in an amount to be determined.

## COUNT THREE
### Federal Dilution of Trademark under 15 U.S.C. § 1125(c)

44. Plaintiff hereby incorporates by reference the allegations set forth in the preceding paragraphs as if they were fully rewritten herein.

45. The acts and activities of Defendant complained of herein constitute dilution contrary to the provisions of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c), as amended.

46. Baker has been damaged by the foregoing acts of Defendant in an amount to be determined.

## COUNT FOUR
### Louisiana Trademark Infringement under La. Rev. Stat. § 51:222

47. Plaintiff hereby incorporates by reference the allegations set forth in the preceding paragraphs as if they were fully rewritten herein.

48. The acts and activities of Defendant complained of herein have caused and are likely to continue to cause mistake, or to deceive the purchasing public and others in such a way that purchasers and others would be led to believe mistakenly that Defendants are affiliated with, related to, sponsored by or connected with Baker and its product offerings contrary to the provisions of La. Rev. Stat. § 51:222. The acts and activities of defendant, in aggregate,

constitute an attempt to trade on the reputation and goodwill that Baker has developed, all to the detriment of Baker.

49. Baker has been damaged by the foregoing acts of Defendant in an amount to be determined.

50. Baker has no adequate remedy at law.

## COUNT FIVE
### Louisiana Unfair Competition under La. Rev. Stat. § 51:1405(A)

51. Plaintiff hereby incorporates by reference the allegations set forth in the preceding paragraphs as if they were fully rewritten herein.

52. The acts and activities of Defendant complained of herein have caused and are likely to continue to cause mistake, or to deceive the purchasing public and others in such a way that purchasers and others would be led to believe mistakenly that Defendants are affiliated with, related to, sponsored by or connected with Baker and its product offerings. By these acts and activities, Defendant has knowingly engaged in unfair competition contrary to the provisions of La. Rev. Stat. § 51:1405(A), and these acts and activities constitute an attempt to trade on the reputation and goodwill which Baker has developed, all to the detriment of Baker.

53. Notwithstanding constructive and actual notice of unfair competition, Defendants continue to use the mark "NextDesk" and variations thereof in commerce by offering to sell and selling office furnishings identified with the mark "NextDesk" in direct competition with Baker.

54. Baker has been, and continues to be, damaged by Defendant's acts and activities in an amount to be determined.

55. Notwithstanding the pecuniary damages suffered by Baker, the acts and activities of Defendant have damaged and continue to damage Baker's business, market, reputation and

goodwill in a manner and amount that cannot be fully measured or compensated in economic terms.

56. Accordingly, Baker has suffered irreparable harm that will continue unless and until the acts and activities of Defendant are enjoined during the pendency of this action and thereafter.

## JURY DEMAND

57. Baker requests a trial by jury of all issues so triable herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Baker Manufacturing, Inc. prays for judgment in its favor and against defendant Next Technologies, Inc. as follows:

1. Injunctive relief prohibiting Next Technologies, Inc. and its directors, shareholders, officers, agents, servants, employees, representatives, attorneys, successors, and assigns, and all those in active concert or participation therewith, from:

    A. Any further use of Baker's Trademarks, or any other word, symbol, design, term, and mark which is a colorable imitation of or confusingly similar to Baker's trademarks, in connection with sale, offering for sale, advertising, promotion, or any other marketing whatsoever of office furnishings including without limitation any adjustable height desks, tables, workstations and/or any other form of horizontal or inclined work surface;

    B. Otherwise infringing any of Baker's trademarks;

    C. Falsely designating the origin of and falsely describing and representing NTI's business and products as originating from, or being related to,

     affiliated with, or sponsored or approved by Baker; and from engaging in conduct tending to create such false designations, descriptions, and representations; and from any other conduct which tends to associate NTI with Baker in any way or pass off NTI's business and products as those of Baker; and

  D. Engaging in unfair competition with Baker, diluting the distinctiveness of Baker's Trademarks, and injuring Baker's business reputation in any manner.

  2. An order directing NTI to deliver to the Court for destruction all print and other promotional materials which refer to "NextDesk" or variations thereof as a name or mark or component of a name or mark;

  3. An order directing NTI to remove all online advertising, print advertising, or directory listings displaying the "NextDesk" name or any other business name incorporating any of Baker's Trademarks or any colorable imitations thereof.

  4. An order directing NTI to cancel all domain names, corporate name and fictitious name registrations for any names which contain or comprise "NextDesk" or variations thereof as an element;

  5. An order directing NTI to account for and pay over to Baker all profits derived by NTI under either or any of the Baker marks and names;

  6. An award of all damages sustained by Baker arising from NTI's acts of infringement, false designations of origin, false descriptions and representations, unfair competition, and unfair or deceptive trade acts or practices;

7. All damages, penalties, attorney's fees, costs, and injunctive relief, both prohibitive and mandatory, available to Baker pursuant to 15 U.S.C. §§ 1116, 1117, and 1118; and La. R.S. 51:1409;

8. An award of treble monetary damages or such other amount of punitive damages as the trier of fact finds to be appropriate under the circumstances, and recovery of Baker's costs and attorney's fees associated with this action;

9. An award of prejudgment and post-judgment interest as may be allowed by law on all other amounts of money awarded to Baker herein;

10. Such additional or alternative relief, at law or in equity, which the Court may deem to be just and proper.

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By:   s/Stephen A. LaFleur  .
     Stephen A. LaFleur, TA (La. Bar #28648)
     Gregory B. Upton (La. Bar #17177)
     Jonathan D. Stokes (La. Bar #34111)
     P.O. Box 6118
     2001 MacArthur Drive
     Alexandria, LA 71307-6118
     (318) 445-6471   (318) 445-6476 (fax)

**ATTORNEYS FOR
BAKER MANUFACTURING, INC.**