RECEIVED

JAN - 8 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BAKER MANUFACTURING CO., INC. | CIVIL ACTION NO. 1:15-1630 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| NEXT TECHNOLOGIES, INC. | MAG. JUDGE KIRK |

## MEMORANDUM RULING

Before the court is "Defendant Next Technologies Inc.'s Motion to Dismiss Plaintiff Baker Manufacturing Co., Inc.'s First Amended Complaint" (R. #24) wherein the mover seeks to dismiss the instant lawsuit for lack of personal jurisdiction and for improper venue, or alternatively to transfer venue; the mover further seeks to dismiss plaintiff's federal claim for dilution of trademark under 15 U.S.C. § 1125(c) and plaintiff's deceptive trade practices claim under Louisiana Revised Statute 51:1401, *et seq.* This ruling will address only the motion to dismiss for lack of jurisdiction and/or venue.

## ALLEGATIONS

Baker Manufacturing Company, Inc. ("Baker") makes the following allegations in its complaint and first amended complaint.[1] Baker is a corporation located in Pineville, Louisiana. Baker manufactures, markets and sells contemporary office furnishings with horizontal work surfaces and an adjustable elevation feature which are sold and distributed in the United States and Canada. In 1990, Baker engineered height-adjustable tables and desks.

---

[1] R. #1 and 19.

1

Baker is also the owner of the trademark "NEXT" (hereinafter referred to as the "NEXT mark"). The NEXT mark is registered with the United States Patent and Trademark Office (Registration No. 3,534,505); the NEXT mark is also registered with the State of Louisiana as a Trademark.

One particular product manufactured and sold by Baker is the "NEXT" line of work tables which features two or more vertical supports that extend to vary the height of the horizontal work surface and allows "sit to stand" variations. These adjustable work tables are identified with the NEXT mark. Baker affixes its registered NEXT mark to its internet website, advertising, and packaging materials of the tables which are shipped throughout the United States.

Baker has expended significant resources to develop a market presence using the NEXT mark and in doing so has established significant recognition and substantial goodwill in the NEXT mark. Consequently, NEXT has received industry awards and recognition for quality office furniture.

Next Technologies, Inc. ("NTI") is a Texas corporation formed on February 14, 2012. NTI utilized ICANN to procure the internet domain name "NEXTDESKS.COM"; ICANN is an accredited registrar of GoDaddy.com, LLC ("Go Daddy").[2] NTI has a municipal address in Georgetown, Texas. According to NTI's website, it manufactures adjustable height desks under the following names: NextDeskTerra, NextDesk Terra Pro, NextDesk Air, NextDesk Air Pro, Next Desk L Series, NextDesk U Series, NextDesk Solo, NextDesk Solo Plus, NextDesk Up, NextDesk Fit, NextDesk Custom, and

---

[2] GoDaddy is one of many commercial service providers that functions as internet domain registrars under accreditation of ICANN.

NextDesk Conference. Plaintiff maintains that each of these names infringes upon its legally protected trademark Next.

NTI offers its products for sale on the NTI website – http://www.nextdesks.com/models and identifies the product offerings with a representative picture of each product above its respective product name or identifier. All of the products shown there comprise at minimum a horizontal work surface and one or more vertical support means which are variable in length to adjust the height of said horizontal work surface. Baker maintains that a comparison of the products offered for sale by NTI to Baker's NEXT products would confuse a purchaser of office furniture by the similarity of the marks and the products associated therewith.

As of March 13, 2015, through its counsel, Baker has notified NTI that its use of the NextDesk name in association with an adjustable height workstation or desk was either a direct infringement or confusingly similar to Baker's NEXT office furniture products. Through several communications, Baker has demanded that NTI cease and desist from using any variation of NEXT or the NextDext mark in conjunction with NTI's products. NTI has continued to advertise, offer for sale and sell its products under the mark or name NEXTDESK to Louisiana customers.

Baker maintains several claims with respect to NTI's use of the name and mark "NextDesk" which are as follows: (1) infringement under the Lanham Act,[3] (2) unfair

---

[3] 15 U.S.C. § 1114.

3

competition,[4] (3) dilution of Trademark,[5] (4) Louisiana Trademark Infringement,[6] (5) Louisiana Unfair Competition,[7] and (6) Louisiana Trademark Dilution.[8]

Baker seeks injunctive relief against NTI which would prohibit any further use of Baker's Trademark[9], including infringing on Baker's trademarks, false designations of origin, descriptions, and or NTI's business and/or products, engaging in unfair competition with Baker, diluting the distinctiveness of Baker's Trademarks, and injuring Baker's business reputation. Baker further seeks an order from the court for NTI to (1) destroy all print and other promotional materials which refer to NextDesk or variations thereof, (2) remove all online advertising, print advertising, or directory listings displaying the "NextDesk" name or any other business name incorporating any of Baker's Trademarks or any colorable imitations thereof, (3) cancel all domain names, corporate name and fictitious name registrations for any names which contain or comprise "NextDesk" or variations thereof as an element, (4) account for and pay to Baker all profits derived by NTI under either or any of the Baker marks and names, (5) pay damages sustained by Baker, including penalties, attorney's fees and costs, (6) comply with any injunctive relief available to Baker pursuant to 15 U.S.C. § § 1116, 1117, and 1118 and La. R.S. § 51:1409, and (7) pay treble damages or punitive damages, including Baker's costs and attorney's fees along with prejudgment and post-judgment interest.

---

[4] 15 U.S.C. § 1125(a).
[5] 15 U.S.C. § 1125(c).
[6] La. Rev. Stat. § 51:222.
[7] La.Rev.Stat. § 51:1405(A).
[8] La.Rev.Stat. § 51:223.1.
[9] Or any word, symbol, design, term and mark which is a colorable imitation of or confusingly similar to Baker's trademarks in connection with sale, offering for sale, advertising, promotion, or any other marketing of office furnishings.

4

## **LAW AND ANALYSIS**

Defendant seeks to dismiss the instant lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The party asserting jurisdiction bears the burden of establishing that the court has personal jurisdiction over a foreign defendant,[10] but is required to present only *prima facie* evidence.[11] The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff for purposes of determining whether a *prima facie* case for personal jurisdiction has been established.[12] Upon a motion to dismiss for lack of personal jurisdiction, the plaintiff must come forward with sufficient evidence to prove the existence of jurisdiction.[13] The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.[14]

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment.[15] Louisiana's long-arm statute extends jurisdiction to the full limits of due process.[16] Consequently, we must consider (1) whether the defendant has "minimum contacts" with the forum state, and

---

[10] Seifert v. Helicopteros Atuneros, Inc., 472 F.3d 266, 270 (5th Cir. 2006).
[11] Pervasive Software Inc. v. Lexware GMBH & Co. KG, 688 F.3d 214, 219-220 (5th Cir. 2012)(quoting Siefert, supra).
[12] DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1270 (5th Cir. 1983).
[13] Stuart v. Spademan, 772 F.2d 1185, 1192 (5 th Cir. 1985).
[14] Washington v. Norton Manufacturing Co., 588 F.2d 441, 443 (5th Cir. 1979).
[15] See Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999).
[16] La.R.S. 13:3201(B).

(2) whether the exercise of jurisdiction would offend "traditional notions of fair play and substantial justice."[17]

The "minimum contacts" element of the personal jurisdiction analysis may be satisfied in two distinct ways by finding either "specific" or "general" jurisdiction, either of which satisfies the minimum contacts requirement.[18]

General jurisdiction may be exercised when a defendant's contacts with the forum state are "continuous and systematic," regardless of whether the action is related to the forum contacts.[19]

Plaintiff offers the following to establish personal jurisdiction over NTI. NTI is a Texas business corporation with principal offices in Georgetown, Texas. It offers to sell its "NextDesk" products through its website wherein it also accepts payments and interacts with potential and actual customers. Plaintiff remarks that the declaration of NTI's president[20] does not deny that its products are sold in Louisiana. There is no evidence that NTI attempted to limit the state in which it sold its NextDesk products. During the year and a half before this action was filed, NTI averaged one sale per month to a Louisiana buyer that involved thousands of dollars.[21] The products sold in Louisiana, just as were sold elsewhere, were custom built based on the customer's specifications.[22]

---

[17] International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154 (1945).
[18] Freudensprung v. Offshore Technical Services, Inc., 379 F.3d 327, 343 (5th Cir. 2004).
[19] Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 271 (5th Cir. 2006).
[20] Declaration of Jamie Fertsch, R. #14-1.
[21] Plaintiff's exhibit A.
[22] Id.

6

NTI maintains that the meager contacts found through jurisdictional discovery fail to establish general jurisdiction. NTI has no physical locations in Louisiana.[23] Only 0.3% of NTI's total sales of desks involved shipment to Louisiana.[24]

NTI maintains that because it does not have "continuous and systematic" affiliations with the forum, then NTI is not at home in the state of Louisiana. Other than the .3% of sales to Louisiana residents, NTI has no other presence or activity in the state. NTI argues that this activity alone fails to create contacts sufficient to establish general jurisdiction.[25] The court agrees and finds that there are not sufficient continuous and systematic activities in the state to render NTI "essentially at home" in Louisiana for purposes of general jurisdiction.

Specific jurisdiction requires a connection between the plaintiff's alleged causes of action and the defendant's purposeful and directed activities in a forum. General jurisdiction requires no such connection because the defendant's activities are so continuous and systematic as to render the defendant at home in the forum State.[26] "A single act may support jurisdiction where the act is directed at residents of the forum, and the cause of action relates to the act."[27]

"Where a defendant knowingly benefits from the availability of a particular state's market for its products, it is only fitting that the defendant be amenable to suit in that state."[28] Moreover,

---

[23] R. #14-1.
[24] Defendant's exhibit A.
[25] See Tafaro v. Innovative Discovery, LLC, 215 U.S. Dist. LEXIS 22135, *13 (E.D. La. Feb. 24, 2015)(finding that a six-year cumulative amount of revenue from the forum of less than 2% was not sufficient for general jurisdiction.); see also Monkton Ins. Servs. V. Ritter, 768 F.3d 429, 432 (5th Cir. 2014)(holding that the defendant's interactive website was not a sufficient continuous and systematic contact to establish general jurisdiction).
[26] See Daimler AG v. Bauman, 134 S.Ct. 746, 761 (214).
[27] Seifert v. Helicopteros Atuneros, Inc., 472 F.3d 266, 271 (5th Cir. 2006).
[28] Luv n' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 470 (5th Cir. 2006).

the Fifth Circuit has held that "mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce."[29] This is particularly true as to a manufacturer or distributor atop a supply chain, which does not limit the market to which its products are directed.[30]

To establish specific personal jurisdiction, plaintiff must show:

> (1) "there are sufficient (i.e., not 'random fortuitous or attenuated') pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of actions arises out of or is related to the defendant's forum contacts." If Plaintiff meets its burden, Defendants "can then defeat the exercise of specific jurisdiction by showing (4) that it would fail the fairness test, i.e., that the balance of interest factors show that the exercise of jurisdiction would be unreasonable."[31]

NTI complains that Baker does not explain how any of its causes of action arose out of these sales, nor does it provide evidence that NTI has solicited, advertised, or otherwise purposefully directed its sales at Louisiana. NTI argues that plaintiff's claims of trademark infringement, trademark dilution, and unfair trade practices under federal and Louisiana law do not arise out of NTI's sales to Louisiana.[32] In other words, plaintiff's cause of action arises out of

---

[29] Ruston Gas Turbines v. Donaldson Co., 9 F.3d 415, 419 (5th Cir. 1993).
[30] Oswalt v. Scripto, Inc., 616 F.2d 191, 199-200 (5th Cir. 1980).
[31] Kromtech of USA,LLC v. Cox, 2014 U.S. Dist. LEXIS 176857, *5 (E.D. La. Dec. 23, 2014)(citations omitted).
[32] See Revell v. Lidov, 317 F.3d 467, 472 (5th Cir. 2002)("For specific jurisdiction we look only to the contact out of which the cause of action arise.").

the use of the name "NextDesk" on NTI's website which was created and operated out of Texas; thus, the cause of action did not arise out of the few sales to Louisiana residents.

In the instant suit, NTI offered for sale its products to all the states including Louisiana customers and consequently, numerous customers made purchases of NTI's products which have been delivered to the state of Louisiana. Plaintiffs have submitted evidence that NTI routinely engages in business transactions in Louisiana, using the offending "NextDesk" mark in competition with plaintiff; plaintiff maintains that each such transaction gives rise to a cause of action by plaintiff. Plaintiff remarks that NTI reaches out to Louisiana in establishing the contract, performing the contract and providing warranty after the sale. Again, there is no evidence in the record that NTI took any steps to limit the states in which it sold its products.

This court can easily conclude that minimum contacts is established because it is eminently foreseeable that NTI's products would reach Louisiana by offering the products for sale via the internet website. Furthermore, NTI's connection with Louisiana through its sales of NextDesk products are such that it should reasonably anticipate being haled into court in this forum.

Next, we must determine if this court's exercise of jurisdiction will comport with traditional notions of "fair play and substantial justice."[33] Defendant has the burden of presenting compelling evidence that the assertion of jurisdiction would be unreasonable.[34]

---

[33] Burger King Corp. v. Rudzeqicz, 471 U.S. 462, 105 S.Ct. 2174 (1985).
[34] Id., 471 U.S. at 477; Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo., 615 F.3d 364, 369 (5th Cir. 2010).

Louisiana and plaintiff obviously have a legitimate interest in litigating this matter in Louisiana where there has been a somewhat regular distribution of defendant's products in this state. Even though NTI is an out-of-state actor, Louisiana has a "manifest interest" in providing its residents a forum through which to redress injuries inflicted by out-of-state actors. This "manifest interest" is heightened when the out-of-state actors purposefully derive benefits from their interstate activities touching the forum state. NTI's sale of products in the state of Louisiana clearly demonstrates that it both intends and does continue to derive economic benefits from the forum state. As noted by plaintiff, NTI's contacts with the forum state are not by chance, or isolated; they are clearly calculated to take advantage of doing business in Louisiana and are not the result of random, fortuitous, or attenuated contacts or the unilateral activity of another person or third party.[35] Therefore, traditional notions of fair play and substantial justice do not require that the suit be dismissed for lack of jurisdiction.

*Venue*

NTI maintains that it does not have sufficient contacts with Louisiana to establish personal jurisdiction, thus, venue is also improper. Alternatively, NTI requests that if the court determines that dismissal is not proper, the court transfer the instant suit to the Western District of Texas.

Defendant has the burden of establishing that transfer is warranted.[36] For purposes of venue, a defendant that is a corporation shall be deemed to reside in any judicial district in which

---

[35] Burger King, 71 U.S. at 475.
[36] See e.g. Sun Drilling Prod. Corp. v. Texas Mexican Railway Co., 2004 WL 2256070, *7 (E.D. La. Oct. 5 2004).

it is subject to personal jurisdiction at the time the action is commenced.[37] Therefore, we find that venue is proper and decline NTI's request to transfer venue to the Western District of Texas.

## CONCLUSION

For the reasons set forth above, the court will deny defendant's motion to dismiss for lack of personal jurisdiction and we will further deny defendant's motion to dismiss and/or to transfer venue.

**THUS DONE AND SIGNED** in chambers on this __8th__ day of January, 2016.

_____
JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[37] 28 U.S.C. § 1391(c).